<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHN FORD, | |
| petitioner, | |
| | Civ. A. No. 06-2019 |
| v. | |
| | OPINION |
| UNITED STATES OF AMERICA, | |
| respondent. | |

<u>**CHESLER, District Judge**</u>

**I.   INTRODUCTION**

This matter comes before the Court on petitioner John Ford's application to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner argues he received ineffective assistance of counsel under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Specifically, petitioner argues his attorney failed to retain an expert witness or, in the alternative, allow him to testify as to technical issues in his own defense during the trial. (Petitioner's Br. at 3-8.) In essence, petitioner claims his inability to introduce expert testimony "compelled [him] to abandon ship" and, consequently, he "pled out in order to live to fight another day . . . ." (<u>Id.</u> at 2.) For the reasons that follow, petitioner's application is **DENIED**.

**II.   BACKGROUND**

On April 28, 2004, a federal Grand Jury sitting in Newark, New Jersey returned an Indictment charging petitioner with (1) willfully endangering the safety of a Hiller helicopter by installing worn-out parts, namely a timed-out tension torsion or "TT" pins, which secure the

1

helicopter's rotor assembly (Count 1); (2) falsely certifying the airworthiness of a Bell helicopter operated by the Monmouth County Shade Tree Commission, thereby endangering it during flight (Count 2); and (3) knowingly making false and fraudulent statements in helicopter log books by certifying maintenance work performed after defendant's license to repair aircraft and been revoked (Counts 3-11).

On or about November 8, 2004, after two continuances, the Court conducted a pretrial conference at which petitioner's counsel requested additional time to retain an aviation expert to counter anticipated testimony of the Government's experts. The Government's experts were to testify about technical issues underlying Counts 1 and 2 of the Indictment. (See Exs. B and C to Government's Brief.) The Court granted petitioner's counsel's request and continued the trial until April 5, 2005.

On February 25, 2005, the Court set a deadline of March 5, 2005 for all expert reports to be filed. Petitioner did not retain an expert or submit an expert report.

Petitioner's trial commenced on April 13, 2005. During the first two days, the Government introduced testimony of two fact witnesses. On the third day, without further testimony, the trial court concluded and petitioner pled guilty to counts 3 and 4 of the Indictment.

The Court conducted a sentencing hearing on October 14, 2005. The Court sentenced petitioner to a five-year term of probation on each count, to run consecutively; confinement to his residence for a period of five months; and confinement for an additional period of five months in a community corrections center, halfway house, or similar residential facility. As a further special condition of probation, the Court ordered that petitioner was not to involve himself in the aviation industry in any way. Petitioner did not appeal the sentence.

On May 5, 2006, while serving his term of residence at a halfway house, petitioner filed the instant petition for habeas corpus relief under 28 U.S.C. § 2255. Pursuant to the Court's Order, the Government submitted its response. The Court has reviewed both submissions.

## III.   DISCUSSION

Under Strickland v. Washington, 466 U.S. 668 (1984), a petitioner claiming that his attorney's performance was deficient must demonstrate:

> that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Id. at 687.  As a general matter, counsel is deemed effective if, considering all the circumstances of the case, his performance is reasonable under prevailing professional norms.  Id. at 688. Counsel's conduct is not to be assessed through the distorting lens of hindsight, or deemed ineffective because the ultimate result was unsatisfactory to the petitioner.  Id. at 689; Zettlemoyer v. Fulcomer, 923 F.2d 284, 296 (3d Cir. 1991).

Petitioner's claim must be denied.  First, petitioner cannot show prejudice by his counsel's alleged failure to retain an expert or to permit him to testify on technical issues because the violations to which petitioner pled guilty did not involve expert testimony.  After two days of fact testimony, petitioner pled guilty to Counts 3 and 4.  The bases for those charges were the representations petitioner made in a helicopter log book.  Specifically, the Government claimed petitioner knowingly and falsely stated he was certified by the FAA at a time when he was in fact not.  Counts 1 and 2, which were dismissed, were the only counts that would have relied upon

3

expert testimony.  Relatedly, assuming, as petitioner has argued, that defense counsel prevented expert testimony from being introduced, he has failed to show how such testimony or that of an expert would have affected the outcome of his case.  See Stickland, 466 U.S. at 694 (requiring a petitioner to show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . .").  In short, the Court fails to see how the expert testimony that petitioner now argues was absent could impact the outcome of Counts that claimed he misrepresented his FAA license status.  For these reasons, petitioner cannot show "prejudice" as required to prove ineffective assistance of counsel.

     The Court further agrees with the Government's position that petitioner has failed to establish that his plea was not voluntary.  A defendant who pleads guilty waives his right to challenge his conviction on any non-jurisdictional grounds other than the voluntariness of his plea.  United States v. Broce, 488 U.S. 563, 574 (1989); Tollett v. Henderson, 411 U.S. 258, 267 (1973).  It is apparent from the Court's review of the Application For Permission to Enter Plea of Guilty that petitioner was aware of the Counts to which he was pleading guilty and indeed stated that he voluntarily entered into the plea agreement.  Notably, the Application expressly states that defendant is "satisfied with the advice and help my lawyer has given me . . . "  (Gov't Br., Ex. D at para. 39.)  Aside from the Application, the Court further questioned petitioner at the time of the plea hearing as to whether or not he was freely entering into the plea agreement, to which he responded he was.  At no time during these proceedings did petitioner complain about his alleged inability to introduce evidence during the trial.  Given this evidence, and the lack of any evidence to the contrary, the Court finds that petitioner freely and voluntarily entered into the Plea Agreement.

IV.     CONCLUSION

       For the foregoing reasons, petitioner's application shall be **DENIED**, and this case shall be deemed **CLOSED**.

Date:   June 15, 2006

                                                s/ Stanley R. Chesler
                                                United States District Judge